No. 12-20296

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

ROBERT R. TOLAN; MARIAN TOLAN,

Plaintiffs-Appellants,

v.

JEFFREY WAYNE COTTON,

Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

**APPELLANT ROBERT TOLAN'S MOTION FOR LEAVE TO FILE A LETTER REPLYING TO APPELLEE JEFFREY COTTON'S RESPONSE TO TOLAN'S PETITION FOR REHEARING EN BANC**

Petitioner Robert R. Tolan, respectfully files this motion for leave to file a letter reply to Respondent Jeffrey Cotton's response to Tolan's petition for rehearing en banc. Pursuant to Fifth Circuit Rule 27.4, Tolan also respectfully submits that he has a "serious need for the court to act" on this motion expeditiously, as the Court is now in the process of considering the petition and Cotton's response. In support of the motion, Tolan would show as follows:

1

1. Tolan filed a petition for rehearing en banc in this appeal on May 9, 2013.

2. By letter dated May 23, 2013, the Court instructed Cotton to file a response. The letter stated that the response was "limited to 30 pages."

3. Cotton filed his response to the petition on June 3, 2013.

4. On June 4, 2013, Tolan filed a letter replying to Cotton's response. Twenty hard copies of the letter were delivered to the Court on June 5, 2013. A copy of the letter is attached.

5. In response to Tolan's letter reply, the Clerk of the Court wrote a letter dated June 11, 2013, stating: "We are taking no action on this document, as the court did not request, nor, authorize leave to file."

6. Accordingly, Tolan hereby moves for leave to file the letter. The Court should accept and file the letter for at least two reasons. First, the length of Tolan's petition for rehearing en banc is fifteen pages, in accordance with FED. R. APP. P. 35(b)(2). By contrast, the Court afforded Cotton thirty pages to respond to the petition. Tolan's letter-reply is only two and one-half pages (single spaced). Thus, accepting the letter will not unduly tax the Court or even afford Tolan the same length of briefing enjoyed by Cotton.

7. Second, the letter will assist the Court in deciding the petition. The letter does not make legal arguments or revisit positions urged by Tolan in the petition. It simply and very briefly seeks to clarify one procedural and one factual matter discussed in Cotton's response. Tolan therefore respectfully submits that consideration of the short letter will aid the Court in forming the fullest possible view of the case and deciding on the proper disposition of the petition.

8. Tolan sought Cotton's consent to this motion on June 11, 2013 but has not received a response. In light of the need for expedition, Tolan respectfully requests that the Court now decide the motion.

Respectfully Submitted,

*Martin J. Siegel* /s/
Martin J. Siegel
Texas State Bar No. 18342125
LAW OFFICES OF MARTIN J. SIEGEL, P.C.
Bank of America Center
700 Louisiana St., Suite 2300
Houston, TX 77002
Telephone: (713) 226-8566

*Attorney for Appellant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2013, this motion was served via the Court's EC/CMF system on the following:

William Helfand
Norman Ray Giles
Chamberlain, Hrdlicka, White, Williams & Aughtry
1200 Smith Street, Suite 1400
Houston, TX 77002

*Counsel for Appellee*

                                        *Martin J. Siegel*     /s/
                                        Martin J. Siegel

LAW OFFICES OF **MARTIN J. SIEGEL**

June 4, 2013

Lyle W. Cayce
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Pl.
New Orleans, LA 70130-3408

               Re:    <u>No. 12-20296, Robert R. Tolan, *et al.* v. Jeffrey Wayne Cotton, *et al.*</u>

Dear Mr. Cayce:

      Petitioner Robbie Tolan respectfully submits this letter in further support of his pending petition for rehearing en banc in the above-referenced case, and requests that it be distributed to the Court.

      Although the Federal Rules of Appellate Procedure make no reference to replies by en banc petitioners, the Court afforded Respondents thirty pages to respond to the petition, itself limited to fifteen pages under Rule 35(b)(2). Far from a complete reply, this letter briefly addresses two points in the response.

      **First**, Cotton claims Tolan's petition relies on inadmissible testimony. *See* Response at iii, 1. After he was deposed, Robbie provided a declaration stating: "At the time I was shot, I was unarmed, I was on my knees, and I did not have anything in my hands. In the moments leading up to the shooting, I did not make any gesture towards or away from my waistband." Petition at 3; R.E. 5 (R. 2108). Cotton correctly states that the district court ruled the

Bank of America Center
700 Louisiana, Suite 2300
Houston, Texas 77002

713.226.8566
martin@siegelfirm.com

www.siegelfirm.com

Lyle Cayce
June 4, 2013

declaration inadmissible because it supposedly contradicted Robbie's earlier deposition testimony. R. 2570.

In fact, no contradiction exists, as Robbie showed in his briefing to the panel. *See* Tolan Brf. at 33 n. 6. But more importantly, both the district court and the panel accepted and considered Robbie's testimony that he did not make a reaching motion toward or away from his waist, regardless of the decision excluding the declaration.

The district court's opinion states: "Robbie Tolan testified that he did not reach for his waistband area." R.E. 4 (R. 2673). The court may have based this finding on Robbie's testimony in Cotton's criminal trial. R.E. 6 (R. 1930) ("I wasn't reaching for anything"). The court accepted Robbie's testimony but (erroneously) found the factual dispute about the movement of his hands to be non-material. R.E. 4 (R. 2675) ("The fact that Robbie Tolan did not reach for his waistband is not material…").

Likewise, the panel acknowledges that Robbie maintains he "never reached toward or into his waistband as claimed by Sergeant Cotton." Op. at 9. It therefore correctly does not base its decision that Cotton could have felt threatened, and therefore acted reasonably, on Robbie's supposed reaching motion. *See* Petition at 5. Like the district court, the panel recognizes that the location of Robbie's hands is a disputed factual issue, but holds that it is not material. Op. at 12 ("Accordingly, whether Robbie reached into or toward his waistband does *not* create a genuine dispute of material fact on objective reasonableness *vel non*"). In addition, Marian Tolan testified that Robbie was on his knees when Cotton shot him. R.E. 7 (2081).

Thus, Tolan does not base this petition on inadmissible evidence. He relies on the facts as expressly stated by the district court and the panel, and the factual dispute they acknowledge exists as to Robbie's hand gestures.

**Second**, Cotton argues deadly force is reasonable "when a suspect… undertakes action that causes the suspect's hands to be concealed from the investigating officer's view, and thereafter the suspect causes his body, and particularly his hands, to move quickly from a position outside an officer's line of sight toward a police officer." Response at 12-13, 29. This badly

2

Lyle Cayce
June 4, 2013

misstates the facts of this case.

As noted above, Robbie's account – which governs at this stage – is that he merely pushed up and began to rise. According to his testimony, he did not move his hands toward his waist, do anything to somehow conceal them, or make any other "crazy movement." *See* Petition at 3. He did not testify to doing anything like moving his hands "quickly from a position outside [Cotton's] line of sight toward" Cotton. *See id.* He simply pushed up, started to turn and stand, made it to his knees, and was shot. *See id.*

Again, the panel does not rely on the supposed hand movements Cotton emphasizes, which Cotton testified about but Robbie denies. *See* Petition at 5. It is telling that Cotton – straining to make the case seem like those where suspects appeared to be pulling a weapon, *see* Petition at 4 n. 1 – tries to defend the panel's decision by supplying a factual rationale the panel itself correctly eschews.

Thank you for the Court's consideration of these matters.

                                         Sincerely,

                                         *Martin J. Siegel*          /s/
                                         Martin J. Siegel
                                         Texas State Bar No. 18342125
                                         LAW OFFICES OF
                                           MARTIN J. SIEGEL, P.C.
                                         Bank of America Center
                                         700 Louisiana St., Suite 2300
                                         Houston, TX 77002
                                         Telephone: (713) 226-8566
                                         martin@siegelfirm.com

Lyle Cayce
June 4, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2013, this letter was filed by means of the Court's CM/ECF system and served via the Court's CM/ECF system on the following:

William Helfand
Norman Ray Giles
Chamberlain, Hrdlicka, White, Williams & Aughtry
1200 Smith Street, Suite 1400
Houston, TX 77002

*Counsel for Respondents*

                                                *Martin J. Siegel        /s/*
                                                Martin J. Siegel